UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br>   Plaintiff, <br><br> v. <br><br> KRISTOPHER PENN a/k/a KRISTOPHER CASTANON and DERREK PENN, <br><br>   Defendants. | Case No. 1:23-cv-1357 (GTS/CFH) |

## COMPLAINT IN INTERPLEADER

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorneys, for its Complaint in Interpleader, alleges as follows:

## PARTIES

1. Prudential is an insurance company organized and existing under the law of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of New York.

2. Defendant, Kristopher Penn a/k/a Kristopher Castanon ("Kristopher"), is an adult citizen of New York, is admitted and remains at the Mid-Hudson Forensic Psychiatric Center in New Hampton, New York.

3. Defendant, Derek Penn ("Derek"), is an adult citizen of New York domiciled in Watervliet, New York.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 29 U.S.C §§ 1132(e) and (f) which gives the District Court jurisdiction to hear civil actions relating to benefits due under the terms of an employee welfare benefit plan brought by, among other parties, a fiduciary. The group life insurance coverage at issue in this action is provided pursuant to an employee welfare benefit plan governed by ERISA. This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C § 1331 which gives the District Court jurisdiction over actions that arise under the laws of the United States. For the purpose of processing this claim, Prudential had a degree of discretionary authority consistent with the definition of fiduciary set forth in 29 U.S.C. § 1002 (21)(A)(iii).

5. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

7. Prudential issued Group Life Insurance Plan Number G-43939 (the "Plan"), an ERISA-regulated employee welfare benefits plan with Profit Sharing/401K, to Walmart Inc. *A copy of the Plan Contract and Certificate is attached hereto as **Exhibit A***.

8. As an eligible employee of Walmart Inc., Denise Castanon (the "Insured") received certain life insurance coverage under the Plan.

9. By Beneficiary Designation Form dated April 18, 2014, the Insured designated both of her sons, Kristopher and Derek, as beneficiaries under the Plan, with each to receive 50%

of the proceeds of the Plan. *A copy of the April 18, 2014 beneficiary designation is attached hereto as* **Exhibit B**.

10. Upon information and belief, the Insured died on November 15, 2020, and her death was ruled a homicide. *A copy of the Insured's Certificate of Death is attached hereto as* **Exhibit C**.

11. As a result of the death of the Insured, life insurance benefits in the amount of $33,000.00 became due to a beneficiary or beneficiaries (the "Death Benefit").

12. By telephone correspondence on November 27, 2020, Derek advised Prudential that Kristopher had been charged with intentional murder and aggravated cruelty to animals in connection with the Insured's death.

13. Derek later provided Prudential with a criminal disposition report from the Albany County Court (the "Criminal Disposition Report") relating to *The People of the State of New York v. Kristopher Castanon*, Docket No. 70224-20/001 (the "Criminal Action"). The Criminal Disposition Report confirmed that Kristopher pled not guilty to the killing of the Insured by reason of insanity. Additionally, handwritten notations on the report indicate that after a court proceeding on March 3, 2023, the court ruled that Kristopher was to be committed to the Mid-Hudson Psychiatric Center with periodic reevaluations to occur in the future to determine whether he is fit for release.

14. All records associated with the Criminal Action are presently sealed and cannot be viewed or accessed by the public. The Albany County website includes a notation that a Notice of Appeal was filed on April 7, 2023. Due to the fact that the case is sealed, Prudential is unable to gain any additional information regarding the status of the appeal. Records regarding

this matter can be accessed by visiting https://www.albanycounty.com/government/county-clerk/services/online-records-search and entering docket number DA24-21.

15. Upon information and belief, Kristopher has been admitted to and is presently confined at the Mid-Hudson Psychiatric Center.

16. Prudential is not aware of whether or not a guardian or conservator has been appointed for Kristopher's benefit.

17. By Group Life Insurance Claim Form dated January 12, 2021, Derek filed a claim for the Death Benefit. A true and correct copy of the Derek's Group Life Insurance Claim Form is attached hereto as **Exhibit D**.

18. On January 27, 2021, Prudential distributed to Derek funds in the amount of $16,500, representing the 50% share of the Death Benefit to which he was designated.

19. As a result of the payment to Derek, 50% of the Death Benefit remains due ("Remaining Death Benefit"), representing the 50% share to which Kristopher was designated, and liability is conceded to that effect.

20. Under federal common law and/or New York common law, a wrongdoer is prohibited from profiting from his or her crime. *See e.g.*, *Mendez–Bellido v. Board of Trustees of Division 1181*, 709 F.Supp. 329, 332–33 (E.D.N.Y.1989). This principle applies to life insurance proceeds, so that a beneficiary of a life insurance policy forfeits his or her rights to the proceeds if he or she murders or feloniously causes the death of the insured. *See e.g., Prudential Ins. Co. of Am. v. Govel*, No. 116CV0297LEKDJS, 2017 WL 2455106, at *4 (N.D.N.Y. 2017) *quoting Ganelina v. Pub. Adm'r, N.Y. Cty.*, 963 N.Y.S.2d 545, 550 (Sup. Ct. N.Y. Cnty. 2013).

21. Pursuant to federal common law and/or New York common law, if it is determined that Kristopher murdered or feloniously caused the death of the Insured, he would forfeit any right to the other half of the Remaining Death Benefit.

22. If Kristopher is found to have forfeited his right to the Remaining Death Benefit, then it would be as if he predeceased the Insured and disposition of the Remaining Death Benefit would follow the beneficiary rules set forth in the Plan:

> If a Beneficiary dies before you, that Beneficiary's interest will end. It will be shared equally by any remaining Beneficiaries, unless the Beneficiary form states otherwise.

*See Exhibit A, pg. 48*.

23. Thus, if it is determined that Kristopher is disqualified under federal common law and/or New York common law, pursuant to the terms of the Plan, the Remaining Death Benefit would be payable to Derek as the only other remaining beneficiary. There have been no other claims for the Remaining Death Benefit.

24. As a result of the uncertainty concerning Kristopher's entitlement to the Remaining Death Benefit resulting from his not guilty plea and the possible appellate activity concerning the Criminal Action, Prudential cannot determine factually or legally who is entitled to the Remaining Death Benefit. By reason of the actual or potential claims of the Defendants, Prudential may be exposed to multiple liability and/or litigation.

25. Prudential has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the Defendants as to the Remaining Death Benefit.

26. Prudential is ready, willing and able to pay the Remaining Death Benefit, plus applicable interest, if any, in accordance with the terms of the Plan and to whomever this Court shall designate.

27. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and costs of this action) in the Remaining Death Benefit and respectfully requests that this Court determine to whom the Remaining Death Benefit should be paid.

28. Accordingly, Prudential will deposit into the Court the Remaining Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

29. Prudential has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Prudential and any of the Defendants. Prudential brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a) appointing a guardian ad litem or conservator to represent Kristopher;

(b) requiring the Defendants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Remaining Death Benefit should be paid; answer this Complaint in Interpleader and litigate their claims between themselves for the Remaining Death Benefit;

(c) permanently enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court in connection with payment of the Remaining Death Benefit or otherwise in connection with the Insured's coverage under the Plan;

(d) permitting Prudential to deposit the amount of the Remaining Death Benefit, plus applicable claim interest, if any, into the Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out as this Court shall direct;

(e) discharging Prudential from any and all further liability to the Defendants that relate in any way to the Insured's coverage under the Plan and/or the Death Benefit upon payment of the Remaining Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f) dismissing with prejudice Prudential from this action following deposit of the Remaining Death Benefit with the Registry of the Court or as otherwise directed by this Court;

(g) awarding Prudential its attorneys' fees and costs in their entirety; and

(h) awarding Prudential any other and further relief that this Court deems just and proper.

Dated: October 31, 2023

**D'ARCAMBAL OUSLEY & CUYLER BURK LLP**

By: /s/ Kimberly A. O'Toole
Kimberly A. O'Toole, Esq.
40 Fulton Street, Suite 1501
New York, NY 10038
Tel: (212) 971-3175
Fax: (212) 971-3176
Email: kotoole@darcambal.com

*Counsel for Plaintiff*
*The Prudential Insurance Company of America*